AG1_Answer2.doc

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
:     ECF CASE
**J & J SPORTS PRODUCTIONS, INC.,**     :
:     07 CV 8750 (AKH)
              **Plaintiff,**     :
:
            v.     :     **ANSWER**
:
**SUPER SONIDO EL AGUILA INC.**     :     (Jury Demand)
**d/b/a EL AGUILA BAR LOUNGE RESTAURANT**     :
**and ANNIE GUERRERO,**     :
:
              **Defendants.**     :
:
---------------------------------------------------------------------x

      Defendants, **Super Sonido El Aguila Inc.** d/b/a El Aguila Bar Lounge Restaurant (a "Defendant" or "Super Sonido") and **Annie Guerrero**, an individual (a "Defendant" or "Guerrero"), as and for their answer to the Plaintiff's Complaint, respectfully allege:

1.     ADMIT that the action arises under the stated statute as alleged in ¶ 1 of the Complaint, but DENY that Defendants are liable to the Plaintiff.

2.     ADMIT the allegations in ¶ 2 of the Complaint.

3.     ADMIT the allegations in ¶ 3 of the Complaint.

4.     DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 4 of the Complaint.

5.     ADMIT the allegations in ¶ 5 of the Complaint.

6.     ADMIT the allegations in ¶ 6 of the Complaint.

7.     ADMIT the allegations in ¶ 7 of the Complaint (which defines the term "Defendants").

8.     DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 8 of the Complaint.

9. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 9 of the Complaint.

10. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 10 of the Complaint.

11. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 11 of the Complaint except for the last sentence.

12. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 12 of the Complaint.

13. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 13 of the Complaint.  **The Defendants were subscribers to commercial cable in their place of business and were able to display the Event without any type of unauthorized decoding equipment, and did display the Event without being aware or being told that they had to buy a license from the Plaintiff before being able to view the channel to which they were already a subscriber.**  The remaining allegations are made from the standpoint of these allegations in this ¶ 13.

14. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 14 of the Complaint.

15. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 15 of the Complaint.

16. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 16 of the Complaint.

17. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 17 of the Complaint.

18. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 18 of the Complaint.

19. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 19 of the Complaint.

20.    DENY the allegations in ¶ 20 of the Complaint.

**[Plaintiff's Heading]**
**COUNT I**
**VIOLATION OF 47 U.S.C. §605**

21.    Defendants hereby incorporate the allegations contained in ¶¶ 1-19 of the Complaint.

22.    [Not required to plead to the statement of law alleged in ¶ 22 of the Complaint.]

23.    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 23 of the Complaint.

24.    [Not required to plead to the statement of law alleged in ¶ 24 of the Complaint.]

25.    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 25 of the Complaint.

26.    DENY the allegations in ¶ 26 of the Complaint.

27.    DENY the allegations in ¶ 27 of the Complaint.

**[Plaintiff's Heading]**
**COUNT II**
**VIOLATION OF 47 U.S.C. §553**

28.    Defendants hereby incorporate the allegations contained in ¶¶ 1-27 of the Complaint.

29.    [Not required to plead to the statement of law alleged in ¶ 29 of the Complaint.]

30.    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 30 of the Complaint.

31.    DENY the allegations in ¶ 31 of the Complaint.

32.    DENY the allegations in ¶ 32 of the Complaint.

33.    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 33 of the Complaint.

34.    DENY the allegations in ¶ 34 of the Complaint.

35.    DENY the allegations in ¶ 35 of the Complaint.

36. DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 36 of the Complaint.

## AFFIRMATIVE DEFENSES

### 1st Affirmative Defense

37. Unconstitutionality of statutory damages [$10,000 maximum under §605(e)(3)(C)(i)(II); $100,000 maximum under §605(e)(3)(C)(ii); $10,000 maximum under §553(3)(A)(ii); and $50,000 maximum under §553(3)(B)] to the extent such damages exceed three times the amount of any actual damages or three times the amount of Defendants' profits or sales derived from illegal use of Plaintiff's broadcast Event.

### 2nd Affirmative Defense

38. Unconstitutionality of statutory attorneys fees [§605(e)(3)(C)(ii)] to the extent they exceed three times the amount of Defendants' profits or sales derived from illegal use of Plaintiff's broadcast Event.

### 3rd Affirmative Defense

39. Unconstitutionality of statutory attorneys fees fees [§605(e)(3)(C)(ii)] to the extent they are unreasonable in relation to the dollar amount of the Defendants' liability for actual damages.

### 4th Affirmative Defense

40.. Failure to state a claim.

## PRAYER

**WHEREFORE**, the Defendants respectfully request that the Complaint be dismissed with costs and disbursements and any appropriate attorneys' fees, and with such other and further relief as this Court may deem just and proper.

**Jury Demand**

Defendants hereby demand a trial by jury of all issues properly triable to a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

**Dated:** **New York, New York**
**January 26, 2008**

_____
**Carl E. Person   (CP 7637)**
**Attorney for the Defendants,**
   **Super Sonido El Aguila Inc. and Annie Guerrero**
**325 W. 45th Street - Suite 201**
**New York, New York 10036-3803**
**(212) 307-4444**
**Email:  carlpers@ix.netcom.com**

**CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the foregoing

**ANSWER**

(the "Document") is to be served on January 26, 2008 on the attorneys for Plaintiff by the ECF filing of this Document and the ECF system's notification of such filing by email to the Plaintiff's Lead Attorney and Attorney to be Noticed:  Paul J. Hooten, Esq., **at pjh@pjhooten.com** and **pjh@mindspring.com** and by the mailing of a copy of this Document on January 26, 2008 to the attorney for the Plaintiff, as follows:

> **Paul J. Hooten, Esq.**
> **Paul J. Hooten & Associates**
> **Attorney for Plaintiff**
> **5505 Nesconset Hwy., Suite 203**
> **Mt. Sinai, NY  11766**

**Dated:   January 26, 2008**

_____
**Carl E. Person**