AG1_Memo_CEP_Withdraw_as_Counsel.Doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
J & J SPORTS PRODUCTIONS, INC.,

      Plaintiff,

  v.

SUPER SONIDO EL AGUILA INC. d/b/a El Aguila
Bar Lounge Restaurant, and ANNIE GUERRERO,

      Defendants.
-----------------------------------------------------------------x

ECF CASE

07 CV 8750 (AKH)

## MEMORANDUM OF LAW IN SUPPORT OF ATTORNEY CARL E. PERSON'S MOTION TO WITHDRAW AS ATTORNEY FOR THE DEFENDANTS

This memorandum of law is submitted in support of the motion by Attorney Carl E. Person for an Order granting attorney Carl E. Person

(1) permission to withdraw as Defendants' attorney and an order so relieving him as counsel;

(2) a stay of all proceedings as to the Defendants until 30 days after the Defendants have been served with a copy of any order relieving Carl E. Person as Defendants' attorney; and

(3) such other and further relief as the Court deems just and proper.

### STATEMENT OF FACTS

In spite of my fee agreement with the Defendants dated November 14, 2007 and numerous efforts to try to get paid, I have not been paid at all for my services.

Defendants are not cooperating in their defense and we have an irreconcilable difference as to the way in which the litigation should proceed.

Because of the foregoing, I cannot effectively or professionally represent the Defendants any longer.

1

I am serving a copy of my moving papers on the Defendants at their last-known addresses, as set forth in the accompanying proof of service.

## THE LAW

In *Green v. Gasparini*, 24 A.D.3d 505, 808 N.Y.S.2d 292 (2nd Dept. 2005), the Appellate Division reversed a lower court decision refusing to grant an attorney's motion to withdraw, stating:

> Under the facts of this case, the Supreme Court improvidently exercised its discretion in denying the appellant's motion for leave to withdraw as counsel for the plaintiff. A lawyer may withdraw from representing a client, if the client, by his or her conduct, "renders it unreasonably difficult for the lawyer to carry out employment effectively" (Code of Professional Responsibility DR 2-110[C][1][d] [22 NYCRR 1200.15(c)(1)(d) ] ). Here, the appellant demonstrated good cause in support of its motion for leave to withdraw as the plaintiff's counsel ( *see McCormack v. Kamalian*, 10 A.D.3d 679, 781 N.Y.S.2d 743; *Walker v. Mount Vernon Hosp.*, 5 A.D.3d 590, 772 N.Y.S.2d 832; *Bok v. Werner*, 9 A.D.3d 318, 780 N.Y.S.2d 332; *Tartaglione v. Tiffany*, 280 A.D.2d 543, 720 N.Y.S.2d 404). Accordingly, the motion should have been granted.

Also, see *Wilcox v. Kraus*, 267 A.D.2d 563, 698 N.Y.S.2d 572 (3rd Dept. 1999) as to non-payment of attorneys fees.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully requests that his motion be granted in its entirety.

Dated:　New York, New York
　　　　February 11, 2008

_____
Carl E. Person　(CP 7637)
Withdrawing Attorney for Defendants
325 W. 45th Street - Suite 201
New York, New York 10036-3803
(212) 307-4444

## CERTIFICATE OF SERVICE

Carl E. Person hereby declares, pursuant to the penalties of perjury under 28 U.S.C. § 1746, that the following statements are true and correct:

I am not a party to this action, am over 18 years of age, and on February 11, 2008, I served a true copy of the foregoing **Memorandum of Law in Support of Attorney Carl E. Person's Motion to Withdraw as Attorney for the Defendants** dated February 11, 2008 (the "Document") on Defendants and the attorneys for the Plaintiff (Paul J. Hooten & Associates), by mailing a copy of the Document to said persons as follows:

> Annie Guerrero
> 309 Avenue C
> Bayonne NJ 07002
>
> Super Sonido El Aguila Inc.
> 80 W. Kingsbridge Road
> Bronx NY 10468
>
> Paul J. Hooten, Esq.
> Paul J. Hooten & Associates, Esq.
> 5505 Nesconset Hwy - Suite 203
> Mt. Sinai, NY 11766

and by emailing on February 11, 2008 a copy of the Document to the Defendants at guer541@aol.com and to the Plaintiff's attorney at pjhooten@mindspring.com.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, New York on February 11, 2008.

_____
Carl E. Person